May it please the Court, Counsel, I am representing the defendant, in this case, James Wright. Mr. Wright was convicted in the jury trial of armed robbery and first degree felony murder based on armed robbery. Specifically, the jury found that on October 16, 2004, defendant took money from and then shot and killed Nicholas Kading. Defendant was sentenced to consecutive terms of 60 and 25 years imprisonment. On direct appeal, this Court reversed the armed robbery conviction and vacated the consecutive 25 year sentence based on one act, one crime, or lesser included offense principles. However, this Court affirmed both the murder conviction and the sentence of 60 years imprisonment. Subsequently, Mr. Wright filed a pro se post conviction petition. Counsel was appointed to represent him and the State filed a motion to dismiss. Before ruling on the State's motion, Judge asked Counsel if he planned to file an amended petition. Counsel said no, he believed the pro se petition was reasonably well drafted and in his words he did not want to muddy the waters by filing anything else. Ultimately, the Judge denied the motion to dismiss and scheduled an evidentiary hearing. A nominal evidentiary hearing was held in which Counsel did not present any of the defendant's witnesses or argue any of his post conviction issues. At the conclusion of the hearing, the Judge took the matter under advisement. He subsequently issued a written one-line order denying post conviction relief. Defendant submits that, and this is an appeal from the order denying relief, the defendant submits that he did not receive from Counsel the reasonable level of assistance that is demanded of post conviction Counsel. As a result, he did not receive a fair presentation of or a fair hearing on his post conviction issues and he respectfully asked this court to remand this cause for additional third stage proceedings. Counsel's errors or failings here fall into three different categories. Failing to amend the petition, failing to present witnesses and argument at the evidentiary hearing, and failing to contact or speak with one of the witnesses listed in the post conviction petition. Now all of the pro se claims alleged ineffective assistance of trial Counsel. I think one of the most compelling claims was that Counsel opened the door to the admission of otherwise inadmissible prior consistent statements of one of the prosecution witnesses. The primary witness of trial was a man named Mario Wright, who was James' cousin. Mario testified he was the only witness who claimed to be an eyewitness and he testified that the defendant committed the offenses. That it was the defendant who took money from and shot and killed Mr. Cady. Well in cross examination trial Counsel asked well isn't it true that prior to trial you admitted that you're the one who committed the offenses in a conversation with a man named Antonio Giles. Mario's response is no that's not true. Now he acknowledged having had a pretrial conversation with both Antonio Giles and Ronnie Warfield. But he claimed he told both of them that it was the defendant who committed the offenses. The state then called as a witness Antonio Giles and he gave testimony corroborating Mario's testimony about the prior consistent statement. Now at that point Counsel objected saying Antonio's testimony is hearsay. The prosecutor's response is you're right it is hearsay. But it's your defense counsel's fault for opening the door to that hearsay because you insinuated that Mario made a prior inconsistent statement. Therefore we're allowed to bring in the prior consistent statement and that is absolutely correct. It was clearly Counsel's fault. Now case law recognizes that any time there is evidence of a prior consistent statement by a prosecution witness that can be very damaging to the defense. And I would submit it was especially damaging here because again Mario was the prosecution's primary witness the only eyewitness. There was no physical evidence connecting James Wright to these offenses. This was therefore a valid post-conviction issue. I would submit a compelling post-conviction issue. There was just one small problem. And that is that the issue was supported by the transcript of the original trial court proceedings. And as a result it could have been raised on direct appeal. The problem is it was not raised on direct appeal. So there's a race judicata problem here. Now of course the defense can overcome the race judicata bar by arguing that appellate counsel was ineffective for failing to raise the issue on direct appeal. But the pro se petition only alleged ineffective assistance by trial counsel. It did not include a claim of ineffective assistance of appellate counsel. As a result it was incumbent on post-conviction counsel to amend the petition to add that claim to overcome the race judicata bar. Counsel apparently didn't realize that because he told the judge he was not filing an amended petition. He thought the petition was sufficient. Clearly it wasn't sufficient. Let's talk about what kind of assistance you get with post-conviction counsel. It's only reasonable assistance. A reasonable level. Not the Strickland standard, Your Honor. It's a reasonable level of assistance. So aren't you kind of trying to bootstrap to get to the ineffective assistance of appellate counsel by claiming post-conviction counsel provided unreasonable assistance? Well, post-conviction counsel has to understand, and obviously unfortunately here he did not, but here he should have understood, that for this particular claim to be adequately presented to the post-conviction judge, it had to be accompanied by a claim that appellate counsel was ineffective because he didn't raise the issue on direct appeal. Post-conviction statute and case law requires counsel, if the petition is otherwise not adequate to present issues, to put that petition in the form that it does adequately present the issue. Counsel is obligated to do that. And there are Illinois cases that I've cited in the briefs saying that counsel does not provide his client with a reasonable level of assistance if he fails to make a routine amendment to the petition, such as here, to add the claim of ineffective of appellate counsel so as to get around the raised judicata bar. Again, the underlying issue, the trial counsel was ineffective for opening the door. That was in the petition. In claim 7, I think, of the petition. Is that right? I'm sorry, Your Honor? In claim 7 of the petition. Right. That's in the petition. But in and of itself, because the issue is based on the record and could have been raised on direct appeal, again, it's barred by raised judicata, the way of getting around that is to argue, well, appellate counsel was ineffective for not raising it on appeal. Post-conviction counsel obviously did not recognize that deficiency, but that clearly was a deficiency. Do we know that the court denied the post-conviction petition with respect to claim 7 based on forfeiture or waiver? We don't. The written order denying relief simply said post-conviction relief is denied. We do not know that. I will submit to Your Honor that, of course, case law says judges are presumed to know the law, so the judge has to be presumed hopefully to have better knowledge than post-conviction counsel did that this was a deficient claim and could not be advanced for that reason. Now, if Your Honor says, well, maybe if the judge would have filled in the blanks himself, I would submit he would have granted relief because, again, as to that issue, because, again, this was clearly a failure on the part of trial counsel opening the door. And, again, the case is recognized. It's very damaging where you bring in a prior consistent statement of a prosecution witness, and here it's the star witness. I don't see how that could not be prejudicial given all of the evidence that was presented in this case. So I would submit that, based on that error alone, counsel did not provide his client with a reasonable level of assistance and that Your Honor should remain this cause for additional proceedings. In addition, the post-conviction petition listed four separate witnesses. Two of them, Kanetta Woodard and Marcello Wade, were alleged to be alibi witnesses, and the defendant, you could say, was really a fifth witness because he asserted in the petition that he had asked his trial attorney to call these alibi witnesses, but she did not do so. In addition, the defendant himself obtained an affidavit from Kanetta Woodard backing up the allegation that she was an alibi witness. There was a third witness, Antonio Giles, the man who corroborated Mario's prior consistent testimony at trial. There was an affidavit from Antonio recanting his trial testimony, and the final witness was Mario Wright, and the defendant, per se, obtained an affidavit from Mario recanting his trial testimony.  Trial counsel specifically mentioned Kanetta Woodard and Mario Wright and said, Judge, you have to schedule a hearing, and, of course, credibility can only be determined at the third stage, so that was a good argument and presumably is what swayed the judge to hold a hearing. However, at the beginning of the evidentiary hearing, counsel represented to the judge that he had recently spoken to Mario, and Mario was now disavowing his affidavit. As a result, counsel said, as an officer of the court, he could not in good faith present Mario or argue that issue, and he further said to the judge, as a result, the judge might want to reconsider his decision to schedule the evidentiary hearing. Judge said, well, is Mario available? And the party said, yes, he's in court. Judge said, well, put him on. Let's see what he has to say. Well, he was shown the affidavit. He identified the signature as his, but said he didn't sign it. He didn't write it. He didn't agree with it. His testimony at trial was truthful. Now, clearly under those circumstances, counsel can no longer present that issue. That's gone, and I understand that. I certainly understand counsel's frustration at this turn of events, but the fact of the matter is you have other witnesses who I've mentioned, other issues presented in the petition that are completely unrelated to the Mario Wright issue, and it would appear from the record here that counsel simply gave up when he was frustrated by what happened with Mario. That's not zealous advocacy. That is not a reasonable level of assistance. Now, this case would be different if the judge had dismissed some of the issues but scheduled an evidentiary hearing only to hear from Mario Wright, but that's not what happened. He didn't dismiss any issues. They were all on the table at the beginning of that evidentiary hearing. The case would also be different if counsel said to the judge on the record, you know, I tried to find these other witnesses, and I couldn't, or they refused to testify, or they were willing to testify, but frankly there were problems with their testimony. They weren't going to be helpful. They weren't going to be credible. Therefore, I'm withdrawing those issues. Thank you. But counsel didn't do that either. Again, I understand the frustration is the Mario Wright issue, but you can't just surrender everything else. You have to be an advocate. You have to present it. He failed to do so, depriving defendant of a fair hearing as to those other issues. And finally, in a letter to the judge after the hearing, and this is in the record, defendant told the judge that there had been a meeting set up prior to the evidentiary hearing between counsel and Marcello Wade, one of the alibi witnesses, but that counsel didn't show up for the meeting, and that is not rebutted in the record. If that is true, that's another serious failing, because if you don't talk to a witness, you don't know if they're credible. You don't know whether it's a good issue or not. You have to at least try to find and talk to the witness. And if he failed to meet with the witness when the meeting was set up, that's not a reasonable level of assistance either. In summary, Mr. Wright respectfully argues, Your Honors, that because of counsel's errors here, he did not receive a fair presentation of it or a fair hearing on his issues, and this case needs to be remanded for additional third-stage proceedings. Thank you, Your Honors. Thank you, Mr. Fisher. Senator Schneider. May it please the court, counsel, with just a couple extra facts. Mario Wright was also the co-defendant, and James Wright is the defendant, so Mario was convicted of the same crime, and he was serving a sentence. With regard to the reasonable level of assistance here, Supreme Court Rule 651C says that the attorney only has to consult with the defendant by mail, phone, or in person to the defendant's alleged errors in the proceedings. He has to examine the record and the transcript and make an amendment to any claims in the post-conviction petition. The attorney has no duty to go out and investigate any claims or any further claims. Now, the defendant addressed the trial judge at the evidentiary hearing. He could say whatever he wanted to. The attorney did not question him, so he had free rein to tell the judge what was on his mind. At this point at the evidentiary hearing, it's the defendant's burden to schedule all the witnesses and tell the attorney what he would like to do. The attorney is there to help him achieve this goal. With respect to the failure to amend the petition, it's true that the attorney should have probably amended the claim of ineffective assistance of trial counsel to ineffective assistance of appellate counsel, but it makes no difference here because trial counsel was not ineffective. The defendant, James Wright, gave a videotaped statement that was played for the jury. He said that Mario held the gun on the victim while he took $100 out of the victim's pocket and Mario shot the defendant. While the defendant right there is admitted to committing the crime, the fact that trial counsel may have admitted some hearsay evidence by opening the door through calling Giles as a witness is immaterial. It would not have changed the outcome of the trial. The other witnesses that the defendant wanted to call, they were alibi witnesses. How is an alibi witness going to help this defendant who just placed himself at the scene of the crime and participating in the crime? An alibi witness is somebody who says this person was not at the scene of the crime. He was with me at a picnic or somewhere else. So the fact that post-conviction counsel never called those witnesses or never sought out those witnesses is of no avail. Didn't the trial prepare for the affidavits of those alibi witnesses? Yes, they did have the affidavit of one of the alibi witnesses and also Mr. Giles' affidavit. Why would post-conviction counsel put on Anthony Giles if he already has his affidavit? That would only lead to the trial judge perhaps finding out that Antonio did not believe what he had put in the affidavit. So I like to look at the big picture and just see why the defendant wanted this hearing because even if this court would remand for a new hearing, there's nothing to accomplish here because post-conviction counsel acted reasonably, he presented the claims that the defendant wanted, and even if the defendant was allowed to call these witnesses, they don't matter, it would not change the outcome of this hearing or another hearing. I think the evidence is overwhelming by the defendant's videotaped statements that he received the fair trial. I'd like just to quote this court in the direct appeal and found that the evidence in this case was not closely balanced, and this court noted that the defendant's own video statement indicated that he was involved in the crime. So I ask that this court find that the lawyer did give reasonable level of assistance to the defendant and affirm the trial judge's order simply denying the defendant's post-conviction petition. Thank you Mr. Mayor and Mr. Judge. Yes, thank you Your Honor. First of all, counsel states that Mario was a co-defendant and was convicted of the same crimes. I'd say he was a co-defendant and was not convicted of the same crimes, but a year and a half after the incident occurred, somehow the police got word that maybe Mario was involved and knew something, so they questioned Mario. Mario apparently fairly quickly gave up James, and then went after James. Mario was charged with theft and with obstruction of justice, apparently for his part in this case, but that's what he was charged with. That's apparently what he was found guilty of. Interestingly, at the time of the defendant's trial, Mario hadn't been convicted or sentenced. He was facing these charges. He was out on electronic monitor. So apparently got a pretty nice deal from the state. Was not convicted of or sentenced for the same offenses at all. Counsel mentions the defendant addressed the judge at the evidentiary hearing. That was basically limited to after Mario said, I didn't sign this affidavit, that's not mine. To the defendant interjecting from the gallery, apparently, yes you did, I got it from you, and he made a couple of brief comments, but he really didn't address the judge otherwise. Wasn't called as a witness to testify. Certainly was not in the position himself to call witnesses and didn't have the knowledge to amend his own petition to have the claim of ineffective assistance of counsel to get around the race judicata bar. Counsel talks about the videotape and I would be remiss in not pointing out that in the decision direct appeal, this court stated that the evidence was overwhelming because of the forensic evidence and the defendant's admission to the police. Now in terms of the forensic evidence, the only forensic evidence showed that the victim was shot to death. No DNA, blood, fingerprints, anything connecting the defendant to the offense. Now in terms of the admission to the police, the videotape, and I think there are actually a couple of videotapes, are part of the record of appeal. I'd urge your honors to take a look. They go on seemingly forever. Now part of that time the defendant's just sitting in the room in between interrogation sessions but he's interrogated, my recollection, three different times and ultimately different officers and for the vast majority of that period of time he denies and vehemently denies any involvement, denies being there. And not nonchalantly, again very vehemently. If this was all an act on his part, I think he should win the Academy Award. But it's only at the very end, after about five hours of sitting there, not five hours of straight interrogation, but five hours of sitting there interrogation off and on, I would submit that he's worn down. He's eventually shown a short clip of Mario telling the police James did it. It's apparently apparent to James that they're not accepting anything he says at that point. And he says, okay, I took the money but Mario was the shooter. I would submit your honors that we cannot reach the 100% conclusion from that tape that he's guilty because after five hours of being worn down, he realizes that they're not going to let him go and he says, okay, I took the money. And in any event, that's very inconsistent with Mario's testimony. Did he admit he was in the back seat? The forensic evidence indicated that the victim was shot from the... He was shot from behind. Apparently Mario claims he's in the front seat and that James is in the back seat. But James did admit that he was in the back seat and then claimed he and Mario switched positions. And again, I don't believe he admits to taking money. I mean, he's guilty at least by accountability for the murder because it's felony murder. So I think the question is not so much is he ultimately truthful? Well, he took the money but he wasn't the shooter. And the question is can he put any stock in his ultimately saying to the police, yeah, I was there. I was involved at all. And again, the forensic evidence doesn't show there must have been two people in the car in addition to the victim as opposed to one. This certainly could have been committed by a single individual. Thank you. Thank you very much. Counsel says, well, you already have Antonio Giles' affidavit supporting the petition, so why put on Antonio? My opinion of the case law is that even if you have an affidavit supporting a post-conviction petition, that probably is good enough to get to the third stage. But once you get to the third stage, you probably have to put that witness on because a judge has to assess credibility. But this is a unique situation where one of the appeants denies that that is his affidavit. As to Mario, no question. And I'm not arguing that issue. That issue is dead. So what do you think defense counsel should have done? Put the other witnesses on and risk the fact that maybe they too would deny their affidavits were accurate? Well, if you don't put them on, you're not going to win anyway. Because, again, credibility cannot be assessed off an affidavit at first or second stage. Credibility can only be assessed at third stage. And so if you don't put the witness on, you're going to lose the issue anyway. The judge is going to say, well, I never heard from this person. I have an affidavit, but I never heard from this person. So I can't grant relief on an affidavit. I need this person's live testimony. And that's the problem with them not calling these other witnesses. That's a serious problem. Because I think at that point, it's just like the issue about opening the door. You don't add the ineffective assistance of appellate to get around race judicata so that you can't win that issue. And you've got affidavits. But if you don't bring them to court, the only way to win it is bringing them to court and convincing the judge that they're credible and it might make a difference. You don't bring them to court and the judge says, oh, you didn't bring them in. I can't grant relief on that issue. And that's where this man did not receive a reasonable level of assistance. His issues were not adequately presented to the judge. And the only possible way of them being adequate And the judge felt there was enough to get to an evidentiary. So how bad could post-conviction's representation have been up until that point? Because every issue made it to the third stage. Well, and I would say that's more to the credit of the defendant who put together the petition and obtained the affidavits. Even counsel said this is a good affidavit. And the law recognizes a good petition. And certainly the law recognizes that post-conviction counsel is not obligated. So your point is simply that counsel dropped the ball once he found out Mario didn't produce the affidavit and he should have been more zealous. That's the only conclusion we can draw. Plus, we know he dropped the ball as to the opening the door issue. It was not adequately presented. It had to have the additional claim to get around race judicata. Counsel apparently didn't realize that and didn't amend. That's... I think the clerk is telling us we ran out of time. Thank you, Your Honors. Thank you, Mr. Chairman. Thank you both for your argument today. We will take this matter under advisement. Thank you.